**The below described is SIGNED.**

**Dated: July 02, 2009**

       *William J. Thurman*
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**



_____

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**Craig Christopher Lazerus and Jami Ann Lazerus,**<br><br>                    Debtors. | Bankruptcy Number:  05-34150<br><br>Chapter 7 |

### MEMORANDUM DECISION

The matter before the Court is Stephen W. Rupp's, the chapter 7 trustee ("Trustee"), Objection to Form of Proposed Order Submitted by Counsel for the Debtor, Motion for Administrative Expense Pursuant to 11 U.S.C. § 522(k),[1] Motion for Clarification or Reconsideration, Motion for Turnover of Unpaid Wages from Craig Christopher Lazerus ("Debtor"), and Motion for Turnover of Maxcomm, LLC's ("Maxcomm") Books and Records. A hearing on this matter was conducted before the Honorable William T. Thurman, Chief Judge of the above-referenced court, on June 3, 2009. At the conclusion of the hearing, the Court entered its oral ruling on the record, and this Memorandum Decision memorializes that ruling.

---

[1]     Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

**I.     JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. Venue is appropriate under 28 U.S.C. § 1408(1). The Court finds that notice of the hearing was properly given to all creditors and parties in interest.

**II.    BACKGROUND**

In this matter, the Trustee filed a final report and request for approval of administrative expenses on February 11, 2009. The Debtor objected to that request, arguing that the Trustee was seeking approval to pay his expenses using receipts that the Debtor had claimed as exempt wages. The receipts in dispute, totaling $7,950.00, were received by the Trustee through the settlement of an adversary proceeding which he had brought against Maxcomm, in an effort to recover the unpaid wages owed to the Debtor by Maxcomm. Maxcomm is a corporation which employed the Debtor, but, according to the Debtor, had not paid him any wages prior to the date of petition.

In addition to the objection to the request for administrative expenses, the Debtor also affirmatively requested that the Trustee's final report be modified to reflect the Debtor's claimed exemption of wages and not allow those wages to be used to pay the administrative expenses. The Debtor's objection came up for a hearing before the Court on April 8, 2009, at which time the Court took evidence and heard the arguments of the parties, and issued an oral ruling denying the Trustee's request for administrative expenses. The Court also found that the Debtor was entitled to the exempt portion of the settlement proceeds from Maxcomm held by the Trustee. Counsel for the Debtors was directed to prepare an order reflecting the Court's oral ruling for the Court to execute consistent with local rules. The Proposed Order was submitted to the Court on

April 14, 2009. The Trustee then filed an objection as to the form of the Proposed Order, as well as the referenced motions. Based on the arguments made at the hearing, the Court's review of the pleadings, and the record, the Court makes the following decision.

## III.  DISCUSSION

As the matter before the court incorporates various motions, the Court will address each motion individually in turn.

### A.  Objection to the Proposed Order

The Proposed Order that Mr. Trease submitted to the Court pursuant to the Court's request at the April 8, 2009 hearing conforms to the Court's oral ruling. While the Trustee may disagree with the substance of the Court's prior ruling, an objection to the form of order is not the proper method by which he can challenge the substance of that ruling. If a party disagrees with a ruling, that party may address its concerns either through the appellate process or by seeking relief pursuant to Rules 9023 or 9024 of the Federal Rules of Bankruptcy Procedure. Since the Proposed Order was consistent with the Court's oral ruling, the Trustee's objection is overruled.

### B.  Motion for Administrative Expense

The Trustee contends that the Debtor's performance of services for Maxcomm constituted a transfer of services, and the Debtor's failure to obtain compensation for those services provided a basis for avoiding such transfer because it was done with an intent to defraud the creditors. Thus, when the Trustee received funds pursuant to the settlement of the adversary proceeding, he believed that under § 522(k) he was entitled to administrative expenses for having avoided a fraudulent transfer. Section 522(k) states:

3

> Property that the debtor exempts under this section is not liable for payment of any administrative expense except—
> (1) the aliquot share of the costs and expenses of avoiding a transfer of property that the debtor exempts under subsection (g) of this section, or of recovery of such property, that is attributable to the value of the portion of such property exempted in relation to the value of the property recovered[.][2]

Accordingly, the Trustee wants to surcharge the exempt assets because he recovered them in an avoidance proceeding. The Debtor objects to this contention on the grounds that § 522(k) doesn't apply because no transfer of property occurred and a fictitious transfer cannot be avoided. In making that objection, the Debtor argues, and the Court agrees, that § 522(k) only applies in situations where the Trustee avoids a transfer of property.

In his adversary proceeding against Maxcomm, the Trustee asserted three causes of action. In the first two causes of action, he claimed that the transfer of services constituted a fraudulent transfer under § 548 or under Utah law.[3] The final claim asserted that the Debtor was "owed . . . wages, earnings, or compensation[,]" and that failure to pay such wages was a breach of contract by Maxcomm.[4] Ultimately, none of these claims were litigated on the merits because the parties reached a settlement. It is, therefore, unclear whether the Trustee would have prevailed on his avoidable transfer claim. In the Settlement Agreement,[5] which the Court approved on September 25, 2006, the Trustee did not specify that the sole basis for his recovery was an avoidance of a transfer of property. In fact, in the Trustee's motion to approve the

---

[2] 11 U.S.C. § 522(k) (2009).

[3] 11 U.S.C. § 548; Utah Fraudulent Transfer Act, UTAH CODE ANN. § 25-6-1 (2009).

[4] Compl. at 3, *Rupp v. Maxcomm, LLC*, No. 06-02010.

[5] Settlement Agreement between Tr. and Maxcomm, July 18, 2006.

settlement he admits that, " . . . determining the result of the adversary proceeding would be speculative at best." Based on the facts and arguments presented in this case, there are insufficient basis for finding that any transfer of property had occurred so as to give rise to an administrative expense claim under § 522(k). All that can be gleaned from the settlement process is that the Trustee asserted a claim for unpaid wages against Maxcomm on various theories and that he subsequently settled that claim. No other inference can be drawn.

Following the settlement, the Debtors amended their schedules and statements claiming the settlement amount as exempt wages. The Trustee did not object to the claimed exemption within 30 days as required by Rule 4003 of the Federal Rules of Bankruptcy Procedure. Rule 4003(b) provides "[a] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors . . . or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."[6] The U.S. Supreme Court in *Taylor v. Freeland* has stated, "[the Trustee] cannot contest the exemption [after the 30 day period] whether or not [the Debtor] had a colorable statutory basis for claiming it.[7] Accordingly, an objection to a claimed exemption must be made within 30 days of the filing of such claim, and failure to timely object is fatal to any subsequent objections to the exemption.

As of the April 8 hearing it had been more than two and a half years since the Debtor amended his schedules to reflect the exemption, and the Trustee had yet to submit an objection

---

[6] FED. R. BANKR. P. 4003(b).

[7] *Taylor v. Freeland*, 503 U.S. 638 (1992).

to the exemption. Accordingly, the Court determined that the settlement amount constituted wages, a portion of which was exempt.[8]

Moreover, the Trustee's final report dated February 11, 2009, represents that: (1) the assets of the estate have been reduced to cash, (2) compensation is being requested based thereon, (3) all claims have been reviewed, (4) an accounting is being submitted, (5) the Trustee's duties have been fulfilled, and (6) appropriate notice has been given to abandon records. Along with the final report, which has not been withdrawn, the Trustee also requested an order authorizing final disbursements pursuant to the final accounting. It seems inconsistent to allow the Trustee to now seek additional cash from the exempt assets. The Trustee's motion for administrative expense should, therefore, be denied.

C.      Motion for Clarification or Reconsideration

The Trustee takes exception to the substance of the Court's ruling on April 8, 2009 in the following ways. First, he argues that under section § 522(g) the Debtor is not entitled to an exemption because he voluntarily transferred assets to Maxcomm and concealed the transfer. Second, the Trustee argues that the issue of claimed exemptions and the related issues of assessment or surcharge under § 522 (k) were not raised by him or his counsel at the prior hearing on April 8, suggesting that the Court ruled on issues that were not before it and that he should now be able to raise those issues.

As discussed in section III. B., the Trustee's first argument fails because there was no showing that any transfer had occurred. As to the Trustee's second basis for his request for

---

[8]   Order Granting Debtors' Objection to Tr.'s Final Report, June 8, 2009.

clarification or reconsideration, the Debtor's objection to the Trustee's final report clearly made a request for a determination of entitlement to exempt property. The parties extensively litigated that issue during the April 8 hearing. In fact, the vast majority of the evidence presented was related to the Debtor's claimed exemption to the settlement proceeds, which are now in the Trustee's hands and constitute a substantial portion of the receipts in the Final Report. Appropriate notice of the Debtor's objection was given to the Trustee prior to the April 8 hearing, and a very well prepared response to the Debtor's objection was presented by the Trustee and his counsel at the hearing.

Rule 7015(b)(2) of the Federal Rules of Bankruptcy Procedure provides that: "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."[9] Here, the parties equally participated and argued the issues related to the Debtor's claimed exemption. In considering and ruling on the Debtor's objection to the Trustee's final report, the Court needed to address the Debtor's exemption claim and any related surcharge issues. Therefore, although the Trustee is correct that neither he nor his counsel explicitly raised the § 522(k) surcharge issue in their pleadings, it was implicitly raised by the Debtor and the Trustee when they argued the appropriateness of the Trustee's final report and the Debtor's entitlement to an exemption. Accordingly, the Trustee's motion for clarification or reconsideration should be denied.

D.     Motion for Turnover of Unpaid Wages

By this motion, the Trustee seeks the turnover of 25% of $2,500, which the Debtor

---

[9]     FED. R. BANKR. P. 7015(b)(2).

7

allegedly received post-petition as unpaid wages due as of the date of petition. The evidence before the Court is insufficient to demonstrate that the Debtor did, in fact, receive that amount. Accordingly, the court is unable to make a determination whether the Debtor was actually paid those wages, or whether those wages were due and owing as of the date of petition.

Moreover, it seems that this issue should have been raised before the Trustee submitted his final report indicating that he had completed his administration of the estate. Thus, the Court cannot find that the Trustee is entitled to recover 25% of the alleged amount, and his motion should be denied.

E.    Motion for Turnover of Maxcomm's Books and Records

Finally, the Trustee seeks a turnover of Maxcomm's books and records relating to any compensation that the Debtor would have been entitled to receive. The Court is not persuaded that there is a reasonable avenue whereby either the Debtor or Maxcomm can be compelled to turnover the books and records.

Although the Debtor's schedules show that he had a 50% stock ownership in Maxcomm, there has been insufficient evidence presented in connection with this matter to show that he exercised control over Maxcomm at the relevant times. As such, he cannot be compelled to turnover Maxcomm's books and records. Similarly, Maxcomm cannot be compelled to do the same because all claims against it have been settled.[10] Therefore, the motion should be denied.

---

[10]    Order Approving Tr.'s Mot. to Approve Settlement Agreement with Maxcomm, Sept. 25, 2006.

8

**IV.    CONCLUSION**

The Court determines that both the Trustee and the Debtors have proceeded in good faith, albeit that the Court has found for the Debtors in this matter.   Trustees should aggressively pursue assets for the benefit of the estate.  The Trustee has done that here and even though the Court has ruled against the Trustee, his actions were within the scope of his discretion.

The Court concludes that the Trustee's objection to the form of the proposed order should be overruled, and that the Trustee's remaining motions for administrative expenses, clarification or reconsideration, and for turnover should be denied.  A separate order will accompany this Memorandum Decision.

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Jory L. Trease
254 West 400 South, Suite 303
Salt Lake City, UT 84111
    *Attorney for Debtors*

Craig Christopher and Jami Ann Lazerus
8922 South 2240 West
West Jordan, UT 84088
    *Debtors*

Steven W. Rupp
170 South Main Streem Suite 800
Salt Lake City, UT 84101
    *Chapter 7 Trustee*